**Order entered March 27, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00146-CR

**DADRIAN MONTREZ MCCLAIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 31862**

## ORDER

The trial court signed its judgment on December 18, 2018. Appellant's notice of appeal was due on January 17, 2019. *See* TEX. R. APP. P. 26.2(a)(1). The written notice of appeal in the Court's records reflects it was filed on January 23, 2019.

On February 6, 2019, the Court issued a letter questioning its jurisdiction over the appeal and requesting letter briefs from the parties to address the timeliness of the notice of appeal. Appellant filed a letter brief and caused to be filed a supplemental clerk's record containing findings of fact by the trial court explaining why the notice of appeal appears to be untimely. The State did not respond.

As stated in the trial court's findings of fact, the trial court signed the judgment and appointed appellate counsel for appellant on December 18, 2018. Hunt County converted to an

electronic filing system on January 1, 2019. Because of technical difficulties with the new electronic filing system, some attempted case filings in December 2018 and January 2019 did not appear in the electronic file. The trial court found that counsel attempted to file a notice of appeal on December 28, 2018 and had reason to believe he was successful in doing so. Counsel did not discover that the notice of appeal was not showing in the trial court's file until January 23, 2019. The trial court found that the notice of appeal was timely filed on December 28, 2019.

In *Stansberry v. State*, the court of criminal appeals held that jurisdiction vested in the appellate court when the appellant properly filed his notice of appeal but the document was mishandled subsequently by the clerk of the court so it did not appear in the court's file. *Stansberry v. State*, 239 S.W.3d 260, 263 (Tex. Crim. App. 2007). The court pronounced: "[i]f a document would have been timely filed but for an error by an employee of the court, then the document is considered to be timely filed." *Id*. On the authority of *Stansberry*, we conclude appellant's notice of appeal was timely and the Court has jurisdiction over this appeal.

Appellant's brief shall be due **THIRTY DAYS** from the date of this order.


/s/     LANA MYERS
        JUSTICE